Ruffin, Chief Justice.'
 

 If the instruction excepted to were deemed erroneous, the Court could not reverse the judgment, since the jury found for the defendant, as well upon the first issue on
 
 non assumpsit,
 
 as upon the statute of limitations.
 
 Morisey
 
 v.
 
 Bunting,
 
 1 Dev. 3.
 
 Bullock v. Bullock,
 
 8 Dev. 260. This was probably; deemed the truth of the case, since there certainly was evidence from which payment might be cogently inferred.
 

 But we are likewise of opinion, that there was no evidence to take the case out of the statute of limitations. The only witness of the plaintiff stated, that “ no admission of the claim was made,” either by the defendant or his partner. Upon this, the proper instruction, in the opinion of the Court, would have been simply that the plaintiff’s action was barred ; for thére was nothing to prevent the operation of the statute. There was no credit to be weighed; nor any fact deposed to from which the jury ought to be permitted to infer as a fact, the acknowledgment of the debt. Moreover, if there had been such evidence, the rule of law is conceived by the Court to be precisely as it is stated in the plaintiff’s exception to have
 
 *519
 
 been delivered on the trial — that there must either be an express promise to pay, or an explicit acknowledgment of a subsisting debt,from which the law can imply a promise. Terms, either exactly the same, or at all events, of equivalent import, were adopted by this Court, at the last term, in the case of
 
 Smallwood
 
 v.
 
 Smallwood,
 
 (see
 
 ante,
 
 p. 330,) as expressing our sense of the modern adjudications. Having so recently discussed this question, and endeavoured to establish the principle in this state, further observations on the subject seem not now to be called for.
 

 The case of
 
 Smallwood v. Small
 
 wood,
 
 ante,
 
 p. 330, approved.
 

 PeR Cdeiam. Judgment affirmed.