Battle, J.
 

 The opinion pronounced by his .Honor in the Court below is fully sustained by the cases of
 
 Smith
 
 v.
 
 Lceper,
 
 10 Ire. Rep. 86, and
 
 Moore
 
 v.
 
 Hyman,
 
 13 Ire. Rep. 272, recently decided in this Court.
 

 The principle stated in those cases, and more particularly in the latter -is, that
 
 “
 
 to repel the Statute of Limitations, there must, be a promise to pay the debt sued on, either expressed or implied, and the terms used must have sufficient certainty to give a distinct cause of action, by the aid of the maxim,
 
 id certum est quod co-tuni
 
 reddipotest.” Apply the rule to this case: The words relied upon to prevent the operation of the Statute, are neither certain of themselves, nor capable of being reduced to any certainty. The witness could not sajr that the account sued upon was the same which he presented to the defendant’s testator for settlement. He could not even slate its amount. He
 
 “ thought
 
 it was
 
 about
 
 $200 — was not certain.” There was therefore no particular debt which the testator promised to pay, and none which he acknowledged, from which a promise could bo implied.
 
 Smith
 
 v.
 
 Leeper,
 
 though in some respects resembling this, was not liable to this objection, and in that case, it was held that the bar of the Statute was repelled. But if the witness had identified the account, and recollected its precise amount, still there was, in the language used by the testator, no promise to pay it, and none to
 
 “
 
 settle” it in any sense, which can make it available for the plaintiff. The plaintiff demanded a settlement of tire account by note; the testator replied
 
 “
 
 I reckon the account is correct,
 
 but
 
 I have sets-off against it, and would rather settle with the plaintiff myself.” He certainly did not expressly promise to pay the
 
 *60
 
 debt; or settle it by note; because he urged an objection against doing so. He certainly did not acknowledge the whole account, to be due; because he alleged that he had sets-off against it. No promise then to pay the whole can be implied; nor can any promise be implied to pay any particular part; because; supposing die sets-off did not extend to the whole, no one can say to how much they did extend, and what was the
 
 balance
 
 — Peebles v.
 
 Mason,
 
 3 Dev. Rep. 67. The use of the term
 
 u
 
 settle ” cannot aid the plaintiff, because he did not call on the testator to come to an account with him, but to settle, that is, to pay the account by note; and the testator’s reply must be taken to have used the word in the same sense, and in that sense, it is, for the reasons above given, valueless to the plaintiff.
 

 The judgment was right, and must be affirmed.
 

 Per Curiam. Judgment affirmed.