Battle, J.
 

 The instruction' given by his Honor to the jury that the facts proved amounted to a new promise and repelled the operation of the Statute of limitations is opposed by the principle declared by this Court in several recent cases, and cannot therefore be sustained. The case of
 
 Sherrod
 
 v.
 
 Bonnet,
 
 8 Ire. Rep. 309, was an action of assumpsit upon a
 
 quantum meruit
 
 for work and labor done by the plaintiff as an overseer or manager of the testator of the defendant. The services were alleged to have been rendered for several years, but were barred by the Statute of limitations, unless the testator had acknowledged the debt, or promised to pay it within three years before the commencement of the suit. The testimony offered for that purpose was that of three witnesses, one of whom stated that the testator said to him
 
 “
 
 that the plaintiff had lived with him a good long while, and he intended he should be paid for his services a second stated that just before the plaintiff left the employment of the testator, the latter told the witness
 
 “
 
 that the plaintiff’s wages were not limited, and he intended to make him compensation at his, the testator’s death and the third testified that the testator told him
 
 “
 
 that the plaintiff had not been paid for his services, but he intended to pay him, and he hoped at the day of his death the plaintiff would be satisfied.” The Court held, after a review of the previous decisions in this State upon the subject, that the declarations of the testator were too vague and indefinite to amount to an express promise to pay the plaintiff’s claim, or to such an acknowledgment of it as would justify the inference of an implied promise to pay it. The declarations in this case are equally vague and indefinite, and there is no account rendered, as in
 
 Smith
 
 v.
 
 Leeper,
 
 10 Ire. Rep. 86, nor any thing else by whicli they can be made more definite and certain. These declarations then, amount at most but to a promise to pay an indefinite sum, which is said in
 
 Moore
 
 v.
 
 Hyman,
 
 13 Ire. Rep. 272 to be of
 
 “
 
 no force, and cannot be aided by the maxim,
 
 ‘ id cerium est quod cerium reddipotest;’’
 
 for that maxim only applies to cases where there is a reference to some paper, or where the thing can be made certain by compu
 
 *422
 
 tation or figures, or in some other infallible mode, not depending on the agreement of the parties, or the finding of drbilrators, or the finding of a jury.” See also
 
 Shaw
 
 v.
 
 Allen’s Executors, ante
 
 58. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cueiam. Judgment reversed, and
 
 venire de novo
 
 awarded.