R. F. SIMONTON, Adm'r. with the will annexed of JOHN MILLER
v. ALEXANDER CLARK, Ex'r., et al.

A promissory note barred by the statute of limitations is not revived by
an offer to pay in Confederate currency, or bank bills.

To repel the statute of limitations there must be such facts and circumstances as show that the debtor recognized a present subsisting liability,
and manifested an intention to assume or renew the obligation.

READE and BOYDEN, J. J., dissenting.

Money demand tried before *Mitchell, J.*, at Spring Term,
1871, of IREDELL Superior Court.

The plaintiff's testator held a promissory note on Clark, Shuford & Co., for $1,625, executed and due the 30th of January,
1858. The defendant, A. Clark, is the executor of A. Clark,
Sr., who was a member of said firm. The defendants in
their answer did not deny the partnership nor the execution
of the note, but relied upon the statute of limitations.

It was in evidence, that A. Clark, Sr., stated that in March,
1863, he had been over to the house of the plaintiff's testator,
to pay him the note of about $1,600, which he held on the firm
of Clark, Shuford & Co., that he offered to pay him the note
first in Confederate money, and then in bank bills, which he
refused to receive, and demanded specie.

The defendant's counsel asked the Court to instruct the jury,
that if the facts stated were true, they did not remove the bar
of the statute of limitations, and the plaintiff was not entitled
to recover. Which instructions, his Honor declined giving,
but instructed the jury, that if they believed from the evidence
that the defendant's testator went to the house of the plaintiff's
testator, and offered to pay off said note in Confederate currency, or bank bills, and that he intended thereby to recognize the
debt as a subsisting debt, and that he then owed it, that the

plaintiff would be entitled to recover.   Defendants excepted ::
verdict for plaintiff.   Judgment and appeal.

*W. P. Caldwell*, for the plaintiff.
*Armfield*, for defendants.

Dick, J.  The principles of law which govern this case, have
been so often considered by this Court, that they need no
further discussion.   2 Battle's Digest, 877.

It is only necessary to consider the general results of decided
cases, and apply the well settled rules of law to the case before
us.

The statute of limitations operates upon the remedy merely,.
and does not extinguish the debt.   To revive the remedy taken
away by the statute of limitations, there must be an express or
implied promise to pay the debt.   Where a plaintiff relies up-
on an implied promise to sustain his action, he must show such
an unqualified and direct acknowledgment on the part of the
debtor, of a certain existing debt, and present obligation and
willingness to pay the same, that the law can imply a prom-
ise to pay upon a future demand.

A mere acknowledgment of the debt, is not sufficient to re-
pel the statute; but there must be such facts and circumstances,
as show that the debtor recognized a present subsisting lia-
bility, and manifested an intention to assume or renew the ob-
ligation.   In our case the defendant's testator offered in 1863,.
to pay the debt sued on, and which was barred by the statute
of limitations, in Confederate money or bank bills.   This offer
of payment was refused by the plaintiff's testator, and specie
was demanded.   The debtor in no way accorded to this de-
mand; and there is nothing from which the law can imply a
promise on the part of said debtor, to pay in specie, or in any
other kind of money upon a future demand.

The act of the defendant's testator, was a mere offer to pay

in the currency then in circulation, and no intention was in any way shown of assuming or renewing the obligation.

We think the proper inference to be drawn from the evidence, is, that the defendant's testator was willing to pay the debt in the currency of the country, which was then abundant; and as that was refused, his purpose was to rely upon the statute of limitations.

Questions like the present, will soon cease to be matters of controversy in the Courts, as the C. C. P., sec. 51, prescribes, " That no acknowledgement or promise shall be received as evidence of a new or continuing contract, whereby to take a case out of the operation of the statute of limitations, unless the same be contained in some writing signed by the party to be charged thereby," &c.

There was error in the ruling of his Honor.

READE, J. (*Dissentiente.*) I am of opinion that there was in this case an acknowledgment of a subsisting debt, from which the law implies a promise to pay.

I think the majority of the Court are mistaken in supposing that it was an acknowledgment, and a promise to pay, if the plaintiff would take Confederate currency. It was an unqualified acknowledgment of the debt, and an unconditional offer to pay ; and the plaintiff refused the proffered payment, because it was offered in Confederate currency. The defendant had no other money, and therefore he could not pay. But that in no way qualified the acknowledgment of the debt, from which the law implies a promise to pay.

My brother Boyden agrees with me in this view.

PER CURIAM.                        Judgment reversed.