HENRY W. FAISON *v.* H. BOWDEN, Ex'r. of B. L. HILL.

The new promise, necessary to repel the bar of the statute of limitations, must be definite, and show the nature and amount of the debt; or must distinctly refer to some writing, or to some other means, by which the nature and amount of the debt can be ascertained. Or, there must be an acknowledgement of a present subsisting debt, equally definite and certain, from which a promise to pay such debt may be implied.

(The case of *McBride* v. *Gray*, Busb. 420, cited and approved.)

CIVIL ACTION, in the nature of Assumpsit, tried before *Russell, J.*, at Spring Term, 1874, DUPLIN Superior Court.

This suit was brought to recover the amount of a medical bill, beginning in 1854, and running up to the death of the testator of defendant in the month of November, 1861, and continuing after the death of the testator. Defendant denied the account and relied upon the statute of limitations, and also alleged that he had fully administered the assets of the testator.

On the trial in the Court below, Dr. Daniel E. Smith, a witness for the plaintiff, testified that he was acquainted with

the family of the testator, and knew that plaintiff was his family physician during the period embraced in the account, and had seen him practising there. He thought the bill reasonable for the medical attention of a family of that size. Other witnesses proved that plaintiff was testator's family physician.

W. E. Hill testified that he heard testator say about the year 1860, he owed plaintiff a considerable debt, that plaintiff was one of his largest creditors. D. C. Cobb and R. B. Hatch heard testator about the same time, say the same thing.

Harris Barfield heard the testator say to the plaintiff in October, 1858 : "I can't pay you what I owe you, but I will pay you soon, or next winter. I need what money I have now for building and it will do you more good to get it in a lump." No definite sum was mentioned and no account or memoranda shown, mentioned or alluded to in this conversation.

The counsel for defendant insisted that the testimony was not sufficient to take the case out of the statute of limitations, and that the plaintiff could only recover, if at all, the amount of the account for the three years immediately preceding the first day of September, 1861.

His Honor charged the jury that if they believed the indebtedness alluded to in the conversation to which Harris Barfield testified, alluded to this particular medical bill, then the statute of limitations had been rebutted and the plaintiff could recover.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Stallings*, for appellant.
*Smith & Strong* and *E. W. Kerr*, contra.

RODMAN, J. The evidence, which is relied on by the plaintiff to take the case out of the statute of limitations, is as follows :

" W. E. Hill heard testator say, about 1860, that he owed

the plaintiff a considerable debt, that plaintiff was one of his largest creditors.   D. C. Cobb and R. B. Hatch heard testator about the same time say the same thing.   One Barfield heard the testator in October, 1858, say to the plaintiff, "I can't pay you what I owe you, but I will pay you soon, or next winter, I need what money I have now for building, and it will do you more good to get it in a lump."   No definite sum was mentioned, and no account or memoranda shown, men tioned or alluded to, in the conversation."

His Honor instructed the jury that if they believed that the testator referred to the account now sued on, they should find for the plaintiff on the issue made by the plea of the statute.

In this we think his Honor erred.   The rule to be gathered from the numerous cases to which we were referred by the counsel, may be thus expressed.   The new promise must be definite, and show the nature and amount of the debt; or must distinctly refer to some writing, or to some other means, by which the nature and amount of it can be ascertained.   Or, there must be an acknowledgment of a present subsisting debt, equally definite and certain, from which a promise to pay such debt may be implied.   *McBride* v. *Gray*, Busb. 420.

In the present case there was evidence in the relations shown to have existed between the parties, from which a jury might have inferred the nature of the debt, viz: that it was for medical services, but there is nothing in the conversations given in evidence, which would enable any one to ascertain its amount.

Per Curiam.                    *Venire de novo.*