JACOB PARKER, Admr. (with will annexed) v. P. C. SHUFORD, Admr

*Practice -- Statute of limitations.*

1. To take a case out of the operation of the statute of limitations, the promise to pay or the acknowledgment of the debt must be made to the *creditor himself.*

2. A tender of depreciated currency will not prevent the operation of the statute.

(*Simonton* v. *Clark,* 65 N. C. 525; *Thompson* v. *Gilreath,* 3 Jones, 493; *Morehead* v. *Wriston,* 73 N. C. 398, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of IREDELL Superior Court, before *Buxton, J.*

This suit was commenced in the lifetime of John J. Shuford the intestate of defendant. The plaintiff alleged that his testator John Miller loaned to the firm of Clark, Shuford & Co., of which John J. Shuford was a member, the sum of $1,624 and took their note for the same, dated January 30th, 1858, and that thereafter (March 1, 1862,) upon settlement of the firm business, the intestate of defendant took possession of certain partnership effects under an agreement in writing with his partners that he was to pay certain debts, the claim of the testator of plaintiff being one of them, and that said John J. Shuford had repeatedly recognized the existence and validity of said debt and had promised to pay the same to said John Miller on 1st March, 1862.

The defendant denied that he ever promised to pay the debt as aforesaid, or that he was indebted to plaintiff. He alleged that said note which was executed by said firm was not under seal and that plaintiff did not commence the suit within three years from the time the cause of action arose

and that the same was barred by the statute of limitations.

Upon the evidence in the case issues were submitted to the jury and found as follows :

*Findings of the Jury:* 1. John J. Shuford executed the paper writing or agreement with his partner in March, 1862.

2. Intestate of defendant did not tender or cause to be tendered after March, 1862, money of any kind to plaintiff's testator to pay the debt sued for.

3. The dissolution of the partnership of Clark, Shuford & Co. did not take place in March, 1862, nor were the effects divided.

Thereupon the defendant moved for judgment for costs, which motion was allowed and the plaintiff appealed.

*Messrs Scott & Caldwell,* for plaintiff.

*Messrs. R. F. Armfield* and *M. L McCorkle,* for defendant, cited *Morehead* v. *Wriston,* 73 N. C. 398 ; *Thompson* v. *Gilreath,* 3 Jones, 493 ; C. C. P. ch. 17, § 51, and *Simonton* v. *Clark,* 65 N. C. 525.

READE, J. To take a case out of the operation of the statute of limitation there must be an express promise to pay, or an acknowledgment of a subsisting debt from which a promise to pay may be implied.

The plaintiff does not controvert that principle, but he insists that there was an express promise here in this ; that the defendant offered to pay the plaintiff in depreciated currency which the plaintiff refused to take.

It is expressly decided in *Simonton* v. *Clark,* 65 N. C. 525, that that is not sufficient.

The plaintiff further insists that when the defendant and others, partners, settled up their partnership the defendant agreed with his copartners that he would pay the plaintiff's claim and took effects of the partnership with which to pay it.

PARKER *v.* SHUFORD.

And that raises the question whether the promise to pay, or the acknowledgment of the subsisting debt must be to the *creditor himself*, or whether it is sufficient if made to a third person? We are of the opinion that it must be made to the *creditor* himself. *Thompson* v. *Gilreath*, 3 Jones, 493; *Morehead* v. *Wriston*, 73 N. C. 398.

Upon this point the decisions are not uniform; and Mr. Greenleaf says that an acknowledgment to a stranger is sufficient. The tendency of late decisions is probably that it must be to the creditor himself. In *Ringo* v. *Brooks*, 26 Ark. 540, the subject is very well treated and it is held that it must be to the creditor.

But the subject has been fully considered in this Court in the case cited above, *Thompson* v. *Gilreath*, 3 Jones, 493, and expressly decided that it must be to the creditor himself, and we willingly follow that case and refer to it for all that could be said here.

There is no error.

PER CURIAM.                          Judgment affirmed.