A. H. KIRBY surviving partner of Kirby & Wilson v. COLUMBUS
MILLS.

*Statute of Limitations—New Promise—Promise to Attorney.*

1. A promise by M that "he would see his brother and would pay the
   debt" is sufficient to remove the bar of the statute of limitations.

2. A promise (relied on to avoid the statute of limitations) made to an
   Attorney is in law a promise made to the principal and can be de-
   clared on as such.

(*Smith* v. *Leeper,* 10 Ire. 86 ; *Richmond* v. *Fugua,* 11 Ire. 445 ; *Thomp-
son* v. *Gilreath,* 3 Jones 493 ; *Morehead* v. *Wriston,* 73 N. C. 398 ;
*Parker* v. *Shuford,* 76 N. C. 219 ; *Faison* v. *Bowden,* Ibid. 425, cited,
distinguished and approved.)

CIVIL ACTION, tried at Spring Term, 1877, of CABARRUS
Superior Court. before *Cloud, J.*

This action was brought to recover the value of a promis-
sory note made in South Carolina on the 7th of March, 1862,
by the firm of Govan Mills & Co., (of which the defendant
is alleged to be a member) to Kirby & Wilson (of which the
plaintiff is surviving partner) in the sum of $216.35 payable
one day after date. The answer sets up several defences
and among them that of the statute of limitations, to rebut
which, the plaintiff replied a new promise made within three
years next before the commencement of the suit.

On the trial before the jury, the plaintiff introduced E.
H. Bobo, an attorney, who testified that in 1871, the plain-
tiff placed the note mentioned in the complaint in his hands
for collection, that he presented it to the defendant for pay-
ment, when the defendant promised that he would see his
brother and would pay the debt. No other evidence of a
new promise was offered. The evidence being closed, the
Judge remarked that he should hold that the new promise
not having been made to the creditor himself, but to his at-
torney in whose hands the note had been placed for collec-

tion, was not sufficient to take the case out of the operation of the statute. In submission to this opinion of the Court, the plaintiff took a non-suit and appealed.

*Mr. A. Burwell,* for plaintiff.

*Messrs. W. J. Montgomery* and *Wilson & Son,* for defendant.

SMITH, C. J. (After stating the facts as above.) The only question before us is as to the sufficiency of the promise to remove the statutory bar, and the correctness of the ruling of the Court thereon.

1. There have been numerous cases in this State where the Court has been called upon to decide upon the sufficiency of the words used to repel the statute, and we think they establish a principle which will include the case now before us. The following have been held sufficient to enable the plaintiff to recover, notwithstanding the lapse of time ;—" I have no money, but will call in a few days and settle it. I do not intend to cut the plaintiff out." *Smith* v. *Leeper,* 10 Ire. 86. " Unless J. R. has paid it for me, it is a just debt and I will pay it ;" and again, "It is a just debt and I will pay it if I cannot prove that it has been settled by J. S." *Richmond* v. *Fugua,* 11 Ire. 445. It has been repeatedly declared however that to repel the statute, the new promise or acknowledgment must be an express promise to pay a certain debt absolutely or conditionally, or such an admission of facts that such promise may be inferred. In the case before us, the defendant promises to see his brother and pay the very note in suit.

2. The promise to be effectual must also be made to the creditor and not to a stranger. A promise to pay a note which was afterwards transferred, does not follow the transfer, and is unavailable to the holder of the note. *Thompson* v. *Gilreath,* 3 Jones 493. A promise made to the other

members of a firm by a newly admitted partner, to assume the liabilities of the firm, will not enure to the benefit of the creditor who seeks to enforce his demand. *Morehead* v. *Wriston,* 73 N. C. 398. In like manner, an agreement among partners at the dissolution of the firm whereby each partner takes a share of the joint effects, and contracts to pay certain specified debts, does not revive the creditor's cause of action which has been lost by lapse of time. *Parker* v. *Shuford,* 76 N. C. 219. In this case the Judge who delivers the opinion of the Court, says; "And that raises the question whether the promise to pay or the acknowledgment of the subsisting debt must be to *the creditor himself,* or whether it is sufficient if made to a third person. We are of the opinion that it must be made to the creditor himself." In another case decided at the same term, the Court say; "We have decided at this term in *Parker* v. *Shuford,* that the acknowledgment or promise must be made to the creditor himself." *Faison* v. *Bowden,* 76 N. C. 425. The Judge below entirely misconceives the meaning of the Court in using the language quoted above, in supposing it was necessary that the promise should be made directly to the creditor in proper person, and could not be made to his attorney. The Court were discriminating between the *creditor* and *persons having no privity or connexion with the debt,* in saying that the former could not take benefit of a promise made to the latter to avoid the statute. But a promise made to an attorney is in law a promise made to the principal, and can be declared on as such.

We desire to repeat the suggestion heretofore made to the Judges in reference to the practice in cases like the present. Had the point of law on which the non-suit was suffered been reserved with consent of counsel, and the jury been permitted to render their verdict upon the other issues, the case might have been finally disposed of here, and thus the expense and inconvenience of another trial avoided. The

verdict, if for the defendant upon the issues, may have rendered the point of law reserved immaterial; and if for the plaintiff, the Judge could then have set aside the verdict and directed a non-suit. If upon the appeal it is found that he erred in this, the order setting aside the verdict would be reversed and judgment be here entered upon the verdict.

As the case comes before us, we are compelled to order a new trial.

Error.

PER CURIAM.                                        *Venire de novo.*