*A. RIGGS v. A. J. ROBERTS, Adm'r.

*Statute of Limitations—New Promise—Bankruptcy.*

1. Where suit is brought upon a bond given in November, 1868, no acknowledgment or promise will be received as evidence of a new or

* Ruffin, J., having been of counsel did not sit on the hearing of this case.

continuing contract, whereby the bar of the statute of limitations will be upheld, unless the same be in writing.

2. An unaccepted offer to discharge the bond by a conveyance of land, is not such a recognition of a subsisting liability as in law will imply a promise to pay the debt.

3. The obstruction of the statute may be removed by an act of partial payment proved to have been made at a time commencing from which the prescribed limitation would not have expired at the beginning of the action ; but the burden is upon the plaintiff to show that the partial payment was made at such a time as to save the debt from the operation of the statute.

4. The new promise which will revive a debt extinguished by bankruptcy must be distinct and specific ; and a mere acknowledgment of the debt, though *implying* a promise to pay, is not sufficient.

( *Green* v. *Greensboro*, 83 N. C., 449 ; *Fraley Kelly*, 67 N. C., 78 ; *Henly* v. *Lanier*, 75 N. C., 172 ; *Faison* v. *Bowden*, 72 N. C., 405, cited and approved.

CIVIL ACTION tried at Spring Term, 1881, of ORANGE Superior Court, before *Avery, J.*

The action was commenced on December 3rd, 1879, before a justice, to recover the amount due on a bond executed on November 2, 1868, by Nelson Rhew, the intestate of the defendant, to the plaintiff in the sum of $178, to which is set up in defence, the discharge of the intestate in bankruptcy and the bar of the statute of limitations.

In answer to the defence, the plaintiff relies on subsequent recognitions of a continuing liability and partial payments made on the indebtedness.

To sustain his replication the plaintiff introduced and proved by one Wiley Teaseley a conversation between the parties in 1874, at the house of the intestate, in which the latter said he had let the plaintiff have a cow and calf at $30, in part payment and expected to pay every debt he owed.  The witness further testified that he knew the intestate let the plaintiff have some yearlings also.  Another witness for the plaintiff, one William Day, testified that in 1877 he heard the intestate ask the plaintiff if he would be

willing to take a tract of land of about thirty acres for what he owed him, and that he had heard the intestate say at another time (not fixed) that he had let the plaintiff have a cow and calf and also an ox, in part payment of the debt he owed him, and he thought the plaintiff could realize $20 or $25 for the cow and calf, but the ox was in low condition.

The plaintiff further proposed to show by the witness a declaration made by the intestate to the plaintiff that he was indebted to the latter and expected to pay him out of some land, and further to repel the statute, that the intestate in 1877, told the plaintiff that he owed him a debt and inquired if the plaintiff would accept a piece of land, pointing it out, in satisfaction.   This evidence on objection was ruled to be inadmissible.

The said Rhew obtained his discharge as a bankrupt on July 18th, 1871, and died intestate in February, 1878.

The bond and an order for $19.50 given in July, 1868, constituted the intestate's entire indebtedness to the plaintiff.

Upon the rejection of the proposed evidence the plaintiff submitted to a non-suit and appealed to this court.

*Mr. D. G. Fowle,* for plaintiff.
*Mr. J. W. Graham,* for defendant.

SMITH, C. J.   A strict construction of the record would confine us to a consideration of the ruling of the court in refusing to admit the testimony of the intestate's declarations as to his indebtedness, and of his offer of land in its satisfaction, as he was unwilling to submit his case to the jury upon the other proofs given.

The exception to this ruling so far as it affects the application of the statute of limitations to the claim, is disposed of by section 51 of the Code, which declares that " no ac-

knowledgment or promise shall be received as evidence of a new or continuing contract whereby to take the case out of the operation of this title " (Limitations of actions) " unless the same be contained in some writing signed by the party to be discharged thereby."

Again, the excluded declaration most favorable to the plaintiff is in effect, but an unaccepted offer to discharge the debt by a conveyance of land, and is in no proper sense such a recognition of a subsisting liability as in law will imply a promise to pay it.

But giving a more liberal interpretation to the case, and assigning the non-suit to an intimation from his Honor, that upon the evidence the plaintiff could not recover, we proceed to examine the sufficiency of the testimony received or offered to overcome the discharge pleaded, or to remove the statutory bar.

The obstruction of the statute while unremoved by any verbal promise however explicit, may be removed by an act of partial payment proved to have been made at a time commencing from which the prescribed limitation would not have expired at the beginning of the action. *Green* v. *Greensboro College* 83 N. C., 449.

But there is no date fixed to the alleged partial payment in the delivery of the cattle, and the declarations of the intestate and the direct oath of the witness to the fact, neither of them determine the time of the transaction, and the burden of showing this rests upon the plaintiff.

But if the statute were put out of the way, the discharge under the decree in the bankrupt court remains an unsurmounted barrier to the maintenance of the action.

In order to its removal the promise though not required to be in writing, must be " *distinct and specific*," and " a mere acknowledgement of the debt though implying a promise to pay " in the language of the court in *Kirkpatrick* v. *Tattersall*, 13 M. and W., (Ex.) 765, and as approved and re-

peated in *Fraley* v. *Kelly*, 67 N. C., 78, " would amount to no more than an account stated, and though in writing *would be a promise which the certificate would bar*."

So LORD ELLENBOROUGH instructed the jury: "You ought to be satisfied that the defendant made a distinct, unequivocal promise to pay before he is placed again in the responsible situation from which the law has discharged him." *Fleming* v. *Hayne,* 1 Starkie R., 370; *Henley* v. *Lanier,* 75 N. C., 172.

The vague and indefinite language imputed to the intestate, would hardly be deemed sufficient to repel the statute before the reviving promise was required to be in writing, under the ruling in the case of *Faison* v. *Bowden,* 72 N. C., 405, where the deceased testator had said to the plaintiff, his attending physician, to whom he was lagely indebted for professional services, "I can't pay you what I owe you, but I will pay you soon, or next winter. I need wh it money I have now for building, and it will do you more good to get it in a lump." This was held to be insufficient to repel the plea, and the court say : "The rule to be gathered from the numerous cases to which we were referred by the counsel may be thus expressed—'the new promise must be definite, and show the nature and amount of the debt, or must distinctly refer to some writing, or to to some other means by which the nature and amount of it can be ascertained. Or there must be an acknowledgement of a present subsisting debt from which a promise to pay such debt may be implied,' and it is added, 'there is nothing in the conversation given in evidence which would enable any one to ascertain its amount.'"

But a more distinct promise is required to deprive a bankrupt of the exemption secured by his certificate, and it is held by the supreme court of Massachusetts, that even a payment of interest or principal endorsed on the note by the debtor himself is insufficient to warrant a jury in in-

ferring a new promise to pay the residue of the debt. *Merriam* v. *Bayley*, 1 Cush , 77; *Swings* v. *Littlefield*, 6 Cush., 210. See also 1 Par. Cont., 381; 1 Chit. Cont., 263.

There is no error and the judgment must be affirmed.

No error.                                          Affirmed.