JOHN C. TAYLOR v. P. A. MILLER.

*Statute of Limitations — New Promise — Effect of the Words "Propose to Settle."*

The words "I propose to settle," written in answer to a letter demanding payment of a note barred by the lapse of time, amount to an acknowledgment or new promise sufficient to take the case out of the operation of the statute of limitations.

CIVIL ACTION, tried at Spring Term, 1893, of DAVIE Superior Court, before *Boykin, J.*

Upon the intimation of the Judge that the evidence was not sufficient to rebut the bar of the statute of limitations, the plaintiff submitted to a nonsuit and appealed.

*Mr. T. B. Bailey,* for plaintiff (appellant).
*Messrs. Watson & Buxton,* for defendant.

MACRAE, J.: The action was upon a note for $400 and interest, dated March 29, 1886, payable one day after date, and made by defendant to plaintiff. The only plea was that of the statute of limitations, and the same was good unless there had been a new acknowledgment or promise in writing, under section 172 of *The Code.*

The case turns upon the testimony of E. L. Gaither and a letter referred to therein, which witness testified that he had received from the defendant. That portion of his testimony which is material is as follows:

"That on or about the first of November, 1891, the plaintiff put this note into witness's hands for collection; that witness had this note and one other note against the defendant; that on the 4th of November, 1891, witness wrote to defendant a note, a copy of which is—

"'DEAR SIR—Mr. John C. Taylor had your note for $400, principal. He says you have promised to pay it off, and he needs the money, and has left it with me so you can take it up. Please settle the matter at your earliest convenience, and if you can't pay it all at once, send me what you can.

Respectfully,<br>(Signed)     E. L. GAITHER.'

"That between the 4th of November and the 21st of December, 1891, the witness received a letter from the defendant, post-marked 'Mocksville, N. C., December 21, 1891,' and is as follows:

"'*Mr. E. L. Gaither, Mocksville, N. C.:*

"'DEAR SIR—Your letter received, and I have been to town twice to see you, but you were not in. I propose to settle both of your claims the first of next month, which I hope will be agreeable. Will see you in person soon.

Yours respectfully,<br>(Signed)     P. A. MILLER.'"

It was also in evidence that the defendant has never owed the plaintiff anything but this one note sued on.

The question is, whether this letter was such a promise or acknowledgment as continued the obligation of the promise contained in the note and prevented the bar of the statute— whether the words "propose to settle," taken in connection with the testimony of Gaither and the rest of the letter, can be reasonably construed to mean "promise to pay." If they will bear the latter construction, the bar of the statute has been repelled; if not, the plaintiff can have no relief.

The word "propose," like nearly every other word in the English language, has many meanings. A proposal may mean an offer, as of marriage; an introduction, as of a measure in a legislative assembly. It may also mean an expression

of intention or design. " I propose to settle" is the same as " I intend or mean to settle." Webster defines it, " to form or declare a purpose or intention."

A promise is defined to be a declaration which gives to the person to whom it is made a right to expect or claim the performance or non-performance of some particular thing.

There are many other meanings of these words, as there are also of the word " settle." Indeed, there are two distinct words " settle," the meanings of which have become confused. But we have no difficulty in selecting the definition in the Century Dictionary of this word in its colloquial sense—to liquidate, balance *pay*—as appropriate to the present use of it. We must construe language in its ordinary significance, unless it is manifestly used in some special or technical sense.

Mr. Gaither writes to the defendant, demanding payment of this specific note and another. The defendant answers: " I propose to settle both of your claims the first of next month, which I hope will be agreeable."

How would this answer strike a man in an ordinary business transaction? It is evident that its effect would be to raise the expectation of payment at the time specified. The accumulation of adjectives used in their application to the words " acknowledgment and promise" in the statute, has produced the impression that it requires more than an ordinary promise in writing to repel the bar of the statute. The old law, before the promise need be in writing, was, " the new promise must be definite and show the nature and amount of the debt, or must distinctly refer to some writing, or to some other means by which the nature and amount of it can be ascertained; or there must be an acknowledgment of a present subsisting debt, equally definite and certain, from which a promise to pay such debt may be implied." *McBride* v. *Gray,* Busbee, 420; *Faison* v. *Bowden,* 72 N. C., 405; *Riggs* v. *Roberts,* 85 N. C., 151. Since the statute, the words used are as applicable to this case: " The promise must be uncon-

ditional." *Greenleaf* v. *Railroad,* 91 N. C., 33. It must be "certain in its terms." *Long* v. *Oxford,* 104 N. C., 408.

In *Riggs* v. *Roberts, supra,* the words "distinct and specific," "unequivocal," are really applied to a promise to pay which would revive a debt from which the debtor had been discharged in bankruptcy. While either one of these qualifying words alone would be applicable to the promise or acknowledgment to take the case out of the statute of limitations, there is no special weight superadded by the use of them all at once.

The law speaks for itself: "No acknowledgment or promise shall be received as evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing, signed by the party to be charged thereby."

Here is the original contract, liable to be defeated by the plea of the statute, but still *continuing.* Here is the correspondence between the agent of the payee and the maker himself; it is perfectly definite and certain as to what note is meant. And here is the letter of the defendant in which he refers to the letter which describes it and demands payment; he proposes to settle both claims the first of next month.

The defendant was probably no philologist. He used words in their ordinary acceptation, and which could not be misunderstood. We think they fill the letter and spirit of the statute.

There is error, and a new trial must be awarded.

New Trial.