### S. W. WILEY & CO. *vs.* JAMES A. BROWN.

When a qualified promise is made to pay a debt barred by the statute of limitations, the statute will still be a bar to an action on the debt, unless there has been a breach of the promise as qualified.

In such case, the new promise, and not the old debt, is the measure of the creditor's right.

A debtor, on being requested to pay a debt which was barred by the statute of limitations, promised that when the season ended at Jamestown he would pay $500 on account, and probably $500 on the first of January, and the balance later on. The creditor forthwith brought his suit on the debt.

*Held,* that the action was barred by the statute of limitations.

DEFENDANT'S petition for new trial.

*Providence, June* 13, 1894. MATTESON, C. J. This is an action of *assumpsit* on book account. After the account had been barred by the statute of limitations, the plaintiff called on the defendant and requested payment.

The defendant in reply promised the plaintiff that when the season ended at Jamestown he would give him $500 on ac-

count and probably $500 on the first of January, and the balance later on. The plaintiff, without waiting for the defendant to perform his promise, shortly afterwards began this suit.

The question presented by the exception is whether the defendant's promise was sufficient to remove the bar of the statute so as to enable the plaintiff to sue immediately, or whether the plaintiff was obliged to wait for a breach of the promise before suing.

The plaintiff contends that the promise was a clear and distinct acknowledgment of indebtedness, and, hence, that it was sufficient to remove the bar of the statute and to entitle him to sue as soon as it was made. He concedes that when a debt is barred by the statute, and the new promise is conditional, suit cannot be maintained without showing a performance or fulfillment of the condition, but he insists that the rule is not applicable to a qualified promise like the present.

The plaintiff has a mistaken notion of the effect of a qualified promise. In *Shaw* v. *Newell*, 1 R. I. 418, the defendant in a conversation with the plaintiff's wife, on being requested to renew his note, replied, "You need not be concerned; I calculate to pay you all I owe you within a year." This was in May, 1850. The writ was served the following month. The court held that when a debtor makes a qualified acknowledgment of a debt barred by the statute the plaintiff must take the acknowledgment with its qualification, and, therefore, cannot sustain an action on the debt unless it is brought in accordance with the qualification.

A promise to pay in instalments is a qualified promise and, hence, a creditor whose debt is barred cannot avail himself of such a promise to sue on the debt until a breach of the promise has occurred. In *Phillips* v. *Phillips*, 3 Hare, 281, 300, Vice Chancellor Wigram remarks, "The new promise, and not the old debt, is the measure of the creditor's right. If the debtor simply acknowledges an old debt, the law implies from that simple acknowledgment a promise to pay it, for which promise the old debt is a sufficient consideration. But, if the debtor promise to pay the old debt when he is able, or by

instalments, or in two years, or out of a particular fund, the creditor can claim nothing more than the promise gives him." And see, also, *Buckmaster* v. *Russell*, 10 C. B. (N. S.) 745, 750 ; *Shepherd* v. *Thompson*, 122 U. S. 231, 239. And there are numerous cases of promises to pay a part of a debt barred by the statute, or to pay in specific articles, or property, in which the promise, not having been accepted according to its terms, it has been held that it did not operate to remove the bar of the statute. *Mumford* v. *Freeman*, 8 Met. 432 ; *Smith* v. *Eastman*, 3 Cush. 355 ; *Slack* v. *Norwich*, 32 Vt. 818 ; *Batchelder* v. *Batchelder*, 48 N. H. 23 ; *Currier* v. *Lockwood*, 40 Conn. 349 ; *Bush* v. *Barnard*, 8 John. 318 ; *Huff* v. *Richardson*, 19 Pa. St. 388 ; *Taylor* v. *Stedman*, 11 Ired. L. 447; *Simonton* v. *Clark*, 65 N. C. 525 ; *Bates* v. *Bates*, 33 Ala. 102 ; *Mitchell* v. *Clay*, 8 Tex. 443 ; *Chambers* v. *Rubey*, 47 Mo. 99.

Defendant's petition for a new trial granted and case remitted to the Common Pleas Division.

*Patrick J. Galvin & Charles Acton Ives*, for plaintiff.

*William P. Sheffield*, for defendant.