KING BROS. SHOE STORE COMPANY v. SEP S. WISEMAN.

(Filed 5 December, 1917.)

1. **Courts — Justice of the Peace — Jurisdiction — Contracts — Amount Demanded—Statutes.**

The justice of the peace has jurisdiction of an action upon contract where the summons used as a complaint demands, in good faith, a recovery of $200 or less, though a greater sum could have been demanded. Revisal, sec. 1419.

2. **Limitations of Actions—Written Promise to Pay—Definiteness.**

A written reply of an endorsee of a note to a letter describing the note and demanding payment, directing the payee to file the claim in the bankrupt court against the maker, "get your share, what is left I will pay," is a sufficient and definite promise to pay a sum certain under the principle "that is certain which can be rendered certain"; and the statute of limitations will not commence to run until the ascertainment of the sum promised has been made in accordance with the method prescribed by the promissor.

CIVIL ACTION, tried before *Carter, J.*, and a jury, at August Special Term, 1917, of AVERY.

Plaintiff sued for $182.50, balance due on note, the excess of the debt having been remitted. After the evidence was closed, the court ordered a nonsuit, and the action was dismissed, because the claim of the plaintiff, as the court ruled, was barred by the statute of limitations. The defendant, waiving the question whether a nonsuit can be granted upon the ground stated by the court, proved that the defendant had, on 4 February, 1913, sent the following letter to plaintiff: "File your claim against the bankrupt court and get your share; what is left I will pay." There was evidence tending to show that this letter was written in answer to one from the plaintiff to the defendant in which demand was made on the latter for the payment of two notes he had endorsed for M. A. Thompson, and which were payable to and owned by the plaintiff. The amount due on the notes from the estate of M. A. Thompson, the bankrupt, was not paid by the trustee in bankruptcy until 1915, the first installment of $50 on 15 May, and the second of $17.50 on 15 December of that year. So far as appeared, there were only two notes owing by Thompson to the plaintiff.

Judgment was entered on the nonsuit, and plaintiff appealed.

*F. A. Linney, V. B. Bowen, and Harrison Baird for plaintiff.*
*J. W. Ragland, W. C. Newland, and S. J. Ervin for defendant.*

WALKER, J., after stating the case: The justice's court had jurisdiction as the plaintiff duly remitted the excess over the amount demanded

in the summons treated as a complaint (Revisal, sec. 1445), which was $182.50. We have often held that the jurisdiction is determined by the amount demanded in good faith, even if plaintiff could have sued for more than $200. Revisal, sec. 1419; *Teal v. Templeton,* 149 N. C., 32, citing *McPhail v. Johnson,* 115 N. C., 302; *Cromer v. Marsha,* 122 N. C., 563; *Brantley v. Finch,* 97 N. C., 91. It is there said that "had it been doubtful as to the sum demanded, the remittitur made is clear, even if it had been retroactive."

The letter of the defendant, dated 4 February, 1913, was sufficient to prevent the bar of the statute of limitations. It contains an absolute promise to pay the balance of the debt, after deducting therefrom the amount paid by the trustee in bankruptcy. When take in connection with the letter, to which it was an answer, it describes the notes with sufficient certainty, for plaintiff demands payment of the notes, and defendant, replying to this demand, agrees to pay what is left after plaintiff gets the share of the bankrupt's estate applicable to the debt. This is a distinct and definite promise to pay a certain debt, and the rule is given by which the amount is to be ascertained, namely, by deducting the amount paid by the trustee. The maxim of the law is, "That is certain which can be rendered certain" (*Id certum est quod certum reddi potest*). The rule in such cases is well stated in *Taylor v. Miller,* 113 N. C., 340, by *Justice McRae,* when quoting from the opinion of *Justice Rodman* in *Faison v. Bowden,* 72 N. C., 405: "The new promise must be definite and show the nature and amount of the debt, or must distinctly refer to some writing, or to some other means by which the nature and amount of it can be ascertained; or there must be an acknowledgement of a present subsisting debt, equally definite and certain, from which a promise to pay such debt may be implied."

The rule as thus approved was deduced and formulated by *Justice Rodman* from previous decisions, especially *McBride v. Gray,* 44 N. C., 420, and *Shaw v. Allen's Exrs.,* 44 N. C., 58, where *Judge Battle* said that to repel the statute of limitations, there must be a promise to pay the debt sued on, either express or implied, and the terms used must have sufficient certainty, or be capable of being reduced to a certainty, under the maxim *id certum est quod certum reddi potest,* and the claim should be identified as that in regard to which the promise was made, citing *Smith v. Leeper,* 32 N. C., 86, and *Moore v. Hyman,* 35 N. C., 272. It will be found that these cases strongly support the position of the plaintiff here.

In the *Moore case, Judge Pearson* said: "When so sued, a promise to settle implies a promise to pay the balance; for why settle unless you intend to pay? And this implied promise to pay is sufficient to repel the statute, for although the amount is indefinite at the time of the prom-

ise, yet a mode is agreed on by which it can certainly be ascertained; and the maxim above cited applies." And again: "The amount is indefinite, but a mode is pointed out by which it may, or may not, be made certain; if it be made certain in that mode, the promise becomes absolute. . . . The maxim above cited applies only when the amount can be made certain by reference to some paper, or by figures, or in some other infallible mode, in which case it is considered the same as if the amount was ascertained at the time of the promise."

In the *McBride case, supra, Judge Battle* said that the promise would be sufficiently certain if the amount can be made certain by computation, or, we may add, some fixed rule or standard, as here, and when, besides, the debt to be paid is certainly identified. In the latter respect, the case of *Smith v. Leeper, supra,* is much like ours, where the plaintiff demanded payment of an account and defendant promised to pay it, the reference to the account in the demand and the promise, coupled together, made a sufficient identification.

*Justice McRae,* in *Taylor v. Miller, supra,* puts a case very much like this one when he says: "Here is the original contract, liable to be defeated by the plea of the statute, but still *continuing.* Here is the correspondence between the agent of the payee and the maker himself; it is perfectly definite and certain as to what note is meant. And here is the letter of the defendant in which he refers to the letter which describes it and demands payment; he proposes to settle both claims the first of next month. The defendant was probably no philologist. He used words in their ordinary acceptation, and which could not be misunderstood. We think they fill the letter and spirit of the statute." He also says that since our statute requiring the promise to be in writing (Revisal, sec. 371), the same rule prevails. "The promise must be unconditional." *Greenleaf v. R. R. Co.,* 91 N. C., 33. It must be certain in its terms. *Long v. Oxford,* 104 N. C., 408; 113 N. C., at p. 342.

The language of the statute is this: "No acknowledgement or promise shall be received as evidence of a new or continuing contract, from which the statute of limitations shall run, unless the same be contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

It will be seen by a bare perusal that this provision, intended merely to protect the promisor and to settle definitely and exactly the terms of the promise, and requiring only that it be in writing, does not change the rule in regard to its nature, that is, certainty and identify of the debt or subject to which the promise applies. The terms or phraseology being the same, it can make no difference, so far as its construction for the purpose of determining its binding effect is concerned, whether it is written or oral. The statute, of course, did not begin to run until the

balance was ascertained, and, as said in one of the cases we have cited, the promise became absolute. No suit could have been brought before the balance was certainly ascertained by payment of the dividend by the trustee in bankruptcy. *Helsabeck v. Doub,* 167 N. C., 205; *Moore v. Harkins,* 171 N. C., 696, and cases cited. The promise was, in effect, that defendant would pay "what is left," when it is ascertained, and the running of the statute must be counted from that time. It follows that the learned judge erred when he ruled otherwise.

New trial.