Civil action, instituted 15 May, 1941, to recover on an open account in the sum of $1,968.75. Plaintiff alleges $1,000.00 became due on 31 March, 1937, and the balance of $968.75 became due on 22 April, 1937.
Defendant pleaded as a bar to plaintiff's right of recovery the three-year statute of limitations.
The only evidence offered by plaintiff to repel the statute of limitations was two letters from defendant, signed with a rubber stamp, informing the plaintiff the amount of the account as it appeared upon the books of the company and requesting verification thereof directly to its auditors, giving the name and address of the auditors. Both letters were written within three years from and after 22 April, 1937.
From judgment of nonsuit, entered at the close of plaintiff's evidence, plaintiff appeals, assigning error.
The defendant, not having made "either a promise to pay, or an acknowledgment of the debt as an existent obligation," after the expiration of three years from 22 April, 1937, as required by the statute, C. S., 416, the judgment of nonsuit was properly entered. Trust Co. v. Lumber Co.,221 N.C. 89, 19 S.E.2d 138.
Affirmed.