## J. L. SHAW v. J. R. BURNEY.

*Promise to pay debt discharged in bankruptcy—Evidence to be left to jury.*

1. A promise to pay a debt discharged in bankruptcy, made to an agent of the creditor, is a promise to the creditor himself, and competent evidence to remove the bar.

2. Where the proof was that the debtor said "the debt is an honest one—I always intended to pay it"—refused to execute a note on the ground of false recitals therein, but said "it is an honest debt and I will pay it certain;" *Held*, that the evidence should have been submitted to the jury, under proper instructions, to say whether the debtor intended to promise to pay the debt.

(*Parker* v. *Shuford*, 76 N. C., 219 ; *Faison* v. *Bowden, Ib.*, 425 ; *Kirby* v. *Mills*, 78 N. C., 124, *Fraley* v. *Kelly*, 77 N. C., 78 ; *Isley* v. *Stewart*, 4 Dev. & Bat., 160 ; *Massey* v. *Belisle*, 2 Ired., 170 ; *Festerman* v. *Parker*, 10 Ired., 474 ; *Starnes* v. *Erwin, Ib.*, 226 ; *Henson* v. *King*, 3 Jones, 419 ; *Riggs* v. *Roberts*, 85 N. C., 151, cited and approved.)

CIVIL ACTION tried on appeal at November Special Term, 1881, of HALIFAX Superior Court, before *Gilmer, J.*

The plaintiff appealed.

*Messrs. R. O. Burton* and *E. T. Clark*, for plaintiff.
*Mr. Thomas N. Hill*, for defendant.

SMITH, C. J. The plaintiff sues to recover the sum of $125, with interest from February 5th, 1872, due on the defendant's bond, and in reply to the answer setting up a discharge in bankruptcy as a bar to the action, alleges a new and subsequent promise to pay the debt. Upon this only issue submitted to the jury, the plaintiff testified that about the middle of May, 1881, the defendant came to his store and said that "the plaintiff's debt was an honest debt—it had more than any other, relieved him;" and holding up a

deed, he added, " that he got the money to make the last payment on the land mentioned in the deed; he intended to pay the debt, and always intended to pay it."

A clerk in the employment of the plaintiff testified that in June, 1881, he was sent by the plaintiff to the defendant with a note to be signed by the latter in settlement of the debt. The defendant refused to execute the note on the ground of a false recital, that it was for the last payment of the purchase money due for the land, and said, " It is an honest debt and I will pay it certain."

The declaration of the defendant was admitted, not in proof of the promise itself, but as corroborative of the plaintiff's testimony.

The court being of opinion, and so intimating, that upon the evidence the plaintiff was not entitled to a verdict, he submitted to a nonsuit and appealed. There are therefore but two exceptions to the rulings, brought up for review.

1. The qualified effect allowed to the evidence of the defendant's declaration to the plaintiff's clerk: This ruling we presume is predicated upon the interpretation put on the language used by the court in *Parker* v. *Shuford*, 76 N. C., 219, and *Faison* v. *Bowden, Ib.*, 425, that the promise to pay or acknowledgment of a subsisting debt from which it may be inferred, in order to remove the bar of the statute of limitations, must be to the creditor himself, and is insufficient when made to a third person. This is a misapprehension of the meaning of the court as is explained in the subsequent case of *Kirby* v. *Mills*, 78 N. C., 124, in which it is said that a promise to the attorney of the creditor, acting on behalf of his principal, is in legal effect a promise to the creditor, as if made to him personally, and that the other cases had reference to a stranger having no such relation to the creditor. As the witness was sent for the special purpose of adjusting the claim and was in the direct exercise of his agency in the transaction, the defendant was in law

dealing with the plaintiff, and a promise if made would enure to his benefit. The evidence was therefore original and substantive and should have been received, as such, to support the alleged promise.

2. But the testimony was heard, and supposing it to be competent, the enquiry arises, were these declarations sufficient to go to the jury upon the issue of a re-assumption of the debt?

The authorities are clear that to remove the bar of a discharge in bankruptcy and revive the debt, the proof should show a distinct and unequivocal promise to pay, notwithstanding the discharge, and this is the rule announced by this court in *Fraley* v. *Kelly*, 67 N. C., 78, and approved in *Riggs* v. *Roberts*, 85 N. C., 151. In *Stewart* v. *Reckless*, 4 Zabr., (N. J.) 427, the words relied on were, that he, (the defendant,) had always told Stewart (the plaintiff) he intended to pay him, and the court say "the expression of an intention to do a thing is not a promise to do it. An *intention* is but the purpose a man forms in his own mind; a *promise* is an express undertaking or agreement to carry the purpose into effect."

But a case in its essential features, the same as that now before the court, was decided in 1851 by the supreme court of Massachusetts. A witness swore that, at the plaintiff's instance, he called on the defendant, with the accounts between the parties, and told him, the plaintiff wanted him to do something about the note, and she would be glad to have a new note. To this the defendant replied, "he was not willing to put the principal and interest in a new note, but always said, and still say, *that she should have her pay.*" The court left the declarations to the jury as capable of meaning or expressing a promise, to determine whether the defendant intended by these words to promise to pay the debt. In the supreme court, SHAW, C. J., declared the instruction correct and remarked: "The evidence tended to

prove two forms of expression used by the defendant; one declining to give a written promise, the other amounting to a verbal promise. The words, as he must have used them in the present tense in answer to a claim of payment to be made by him—'I have always said, and still say that she shall have her pay'—are capable of being construed a promise, but might be counteracted by the other expression. It was for the jury to decide upon the credit of the witness and the accuracy of his recollection, and thus decide what was said." *Pratt* v. *Russell,* 7 Pick., 462.

It is the undoubted duty of the judge to construe and determine the legal import of a contract, whether written or parol, and equally in each case where its terms are explicit and well understood, but where they are indefinite or rest upon proofs apparently conflicting, it becomes the province of the jury to ascertain the intent of the parties and the contract entered into from the evidence, guided by suitable directions to aid them in their finding. *Isley* v. *Stewart,* 4 Dev. & Bat., 160; *Massey* v. *Belisle,* 2 Ired., 170; *Festerman* v. *Parker,* 10 Ired., 474.

Where the defendant in selling his interest in a gold mine said to the plaintiff, "If you will do the work I will warrant you will make your money in ten days," an instruction to the jury to enquire upon the whole conversation and subject matter, whether the words were used in commendation of the mine or as importing an obligation, was held to be correct. *Starnes* v. *Erwin,* 10 Ired., 226. And so it was submitted to the jury to determine from the attending circumstances whether the word "warrant" was used as an affirmation merely, or as an assumed liability, and this ruling was sustained in *Henson* v. *King,* 3 Jones, 419, NASH, C. J., remarking that whether there was "a warranty or not, was a question of fact for the jury: they were to say whether the parties intended a warranty."

Similar elements of uncertainty and repugnant expres-

sions appear in the testimony of the witnesses in this case, not sufficient, in our opinion, to withdraw the evidence from the jury and conclusively determine its inadequacy to warrant a verdict, but such as required them, under proper instructions, to pass upon and decide. We are unable to distinguish the case, in this feature, from that of *Pratt* v. *Russell, supra,* and therefore declare there is error. The nonsuit must be set aside and the case submitted to another jury.

Let this be certified.

Error.                                    *Venire de novo.*