JOHN MUNDEN v. MATTHEW CASEY, Jr.

*Discretion of Judge—New Trial.*

1. The exercise of the discretion conferred upon the Judge who presided at the trial, to grant or refuse a new trial for newly discovered evidence, is not the subject of review on appeal.

2. The Supreme Court will not entertain a motion for new trial for newly discovered evidence which is merely cumulative and obtained since the appeal.

(*Carson* v. *Dillinger*, 90 N. C., 226; *Sanderson* v. *Daily*, 83 N. C., 67, and *Mabry* v. *Henry*, *Ibid.*, 298, cited and approved.

CIVIL ACTION tried before *MacRae, Judge,* at Spring Term, 1885, of Superior Court of JOHNSTON county.

The complaint charges the defendant with uttering certain malicious and defamatory words, specifically set out in several arti-

7

cles, imputing to the plaintiff the taking a false oath in a judicial trial, wherein he was examined and testified as a witness. The answer admits the speaking the words, believing them to be true, but denies that they were spoken maliciously, or had injuriously affected the plaintiff's reputation. Upon issues submitted to the jury and considered under instructions, to which no exception was taken, they found in favor of the plaintiff, and assessed his damages at one thousand dollars. After verdict, and during the term, defendant's counsel asked for a new trial upon the ground of newly discovered evidence of the unsoundness of the mind of the defendant, and read several affidavits in which such opinion was expressed, in support of the application, the information of his mental condition not being received until after the trial. Some of the affiants express the belief that the defendant, when in a state of excitement, was not responsible for his acts.

The Court declined to interfere with the verdict and the defendant appealed. In this court he proposes to offer a further affidavit of additional testimony which has come to the knowledge of counsel since making up of the appeal, of the same general import as the others.

*Messrs. Reade, Busbee & Busbee*, for the plaintiff.

*Messrs. Pou & Massey* and *Geo. V. Strong*, for the defendants.

Smith, C. J., (after stating the case as above). It is settled by the ruling in *Carson v. Dillinger*, 90 N. C., 226, in which case the subject underwent a careful and full consideration, that the refusal to grant a new trial upon the ground of evidence since discovered and made known, or the granting of it by the Judge, rested in his sound discretion and was not subject to review.

The authorities are therein discussed and the principles deduced, from which we have no disposition to depart, are decisive of the present appeal.

Nor can we entertain the same motion, made originally in this Court, because additional evidence, merely cumulative, has been obtained since the appeal. This might lead to the anomalous result of a judgment here in direct conflict with an unreversed judgment in the Superior Court.

The defendant should have produced his evidence upon his motion in that Court, and must abide the result of his application there.

The matter is *res adjudicata,* and cannot be reopened here. *Sanderson* v. *Daily,* 83 N. C., 67 ; *Mabry* v. *Henry, Ibid.,* 298.

We do not comment on the singular fact that the client's mental unsoundness was not detected in his communications with counsel, nor in·his giving his testimony on the trial, since this was for the consideration of the trying Judge, whose conclusions are final.

There is no error, and this will be certified to the Court below.
No error. Affirmed.