JAMES H. HARRIS v. J. J. MOTT.

*Contract—Satisfaction of Judgment.*

1. Where the terms of a contract, either written or oral, are explicit and precise, its effect is a question of law. Where terms of art are used, or the meaning of the contract is doubtful, it must be left to the jury to say what the contract was.

2. Where a judgment debtor agreed with the plaintiff that when he (the debtor) collected a debt due him by a third person, he would pay the judgment, it does not operate as a discharge of the judgment, and if the defendant fails to collect such debt, the judgment may be enforced against him.

(*Massey* v. *Belisle*, 2 Ired., 170; *Sizemore* v. *Morrow*, 6 Ired., 54; *Festerman* v. *Parker*, 10 Ired., 474; *Shaw* v. *Burney*, 86 N. C., 331; cited and approved).

MOTION in the cause to enter satisfaction of a judgment, heard before *Philips, Judge,* at October Civil Term, 1886, of WAKE Superior Court.

His Honor refused the motion and the defendant appealed.

The facts appear in the opinion.

*Mr. R. H. Battle,* for the plaintiff.
*Mr. Thos. R. Purnell,* for the defendant.

SMITH, C. J.   On November 7th, 1884, the plaintiff, in an action before a justice of the peace of Wake county, recovered judgment against the defendant for $186.35, which, on the 30th day of January thereafter, he caused to be docketed in the Superior Court.

On the day of its rendition, the parties and Lott W. Humphrey entered into and severally signed, an agreement in these terms:

"RALEIGH, N. C., November 7th, 1884.

George T. Wassom is due Dr. J. J. Mott for type and fixtures, principal and interest, $179.56.

Dr. J. J. Mott is due J. H. Harris for same he sold to Mr. Wassom, principal and interest, $179 56. ·

J. H. Harris is due L. W. Humphrey, principal and interest, $120.

L. W. Humphrey transfers his debt against Harris, without recourse, to Dr. Mott, which leaves his indebtedness to Mr. Harris $59.56.   Now it is understood and agreed, that when Dr. Mott collects his debt against Mr. Wassom, he will pay to said J. H. Harris the said $59.56, and to said L. W. Humphrey the said $120."

A credit for $120 was entered on the docketed judgment, also bearing date on November 7th, 1884, and the plaintiff's signature thereto, and as thus reduced in amount, a transcript thereof was sent to Iredell county and docketed in the Superior Court of that county, and this was followed by an execution, issued on September 13th, 1886, to the sheriff of that county.   His action under the process was arrested by a restraining order, and at October Term, the defendant's counsel, pursuant to notice, entered a motion for an order direct-

ing an entry of satisfaction of the judgment. In support of the motion, the affidavits of the defendant and said L. W. Humphrey, with certain exhibits, were read in evidence, and in opposition the affidavit of the plaintiff, the statements contained in all of which, it is unnecessary particularly to set out, inasmuch as the conclusion to which our examination of the case leads, is not controlled by them.

The defendant insists that the agreement, interpreted in the light of the accompanying and explanatory facts, has the legal effect of a full discharge of the judgment, so far as the defendant is concerned, and that the plaintiff must look alone to Wassom for the collection of the residue of the debt.

There is a marked difference in respect to the appropriation of the two sums mentioned in the last clause of the contract. The transfer of the $120 due from the plaintiff to Humphrey, to the reduction of the judgment, was evidently intended to be, and was in legal effect, a payment of so much of it, and an extinguishment of the indebtedness to Humphrey. So it was considered by the plaintiff, and accordingly entered upon the docket.

But it is not the same as to the residue, for the defendant undertakes to collect the debt of Wassom, and when collected, to pay over the $120 advanced by Humphrey, and the $59.56 still due to the plaintiff. There are no words of ... sonal exoneration of the defendant—nothing to indicate that he is to be discharged and the collection from Wassom alone looked to as a means of payment. The contract is, that when the defendant "collects his debt against Mr. Wassom, he will pay to J. H. Harris the said $59.56." The arrangement contemplates a discharge of the judgment from money expected to be obtained from Wassom, and perhaps some indulgence while the effort to collect is made, but the debt is not to be discharged unless this is done. If there be a failure in this expectation, the judgment remains in force,

as much as does the indebtedness to Humphrey for his advance, and may be proceeded with. Such is the obvious meaning of the written arrangement among the parties, and the writing must be interpreted by its own terms.

When persons conclude upon an agreement and put it in writing, it is to be understood that all by which they are bound is inserted therein.

In a contract, written or oral, when the terms are precise and explicit, its effect is a question of law. *Massey* v. *Belisle,* 2 Ired., 170; *Sizemore* v. *Morrow,* 6 Ired., 54; *Festerman* v. *Parker,* 10 Ired., 474; unless terms of art are used, or they are of doubtful import. *Shaw* v. *Burney,* 86 N. C., 331.

There is no error, and the judgment must be affirmed, and it is so ordered.

No error.                                    Affirmed.