THOMAS FLOWERS v. JULIUS E. ALFORD.

*New Trial—Newly Discovered Evidence—Discretion of the Judge—*
*Code—Excusable Neglect—Verdict—Judgment—Practice.*

1. A motion for a new trial for newly discovered evidence is addressed to the sound discretion of the Court, and not appealable unless the ruling is based upon a mistaken view of the law. This motion may be made for the first time in the Supreme Court.

2. If a motion "to vacate the judgment" be treated as a motion to set it aside under section 274 of *The Code,* for excusable neglect, it would not avail, if granted, for it would leave the verdict still standing.

3. The statute is not intended to embrace judgments which *necessarily* follow verdicts.

4. To afford the relief desired, a new trial was necessary, and this could only have been obtained at the term of the trial.

MOTION in the Supreme Court for a *certiorari* to the Judge below, requiring him to find the facts upon which the judgment was rendered as hereinafter stated.

*Messrs. Jones & Tillett* (by brief), for plaintiff.
*Mr. William Black,* contra.

MACRAE, J.: It appears from the affidavits filed that an action for the recovery of land, between the parties hereto, was tried at February Term, 1891, in the Superior Court of Richmond County, and resulted in a verdict and judgment for the plaintiff. The defendant, on September 19, 1891, gave notice of a motion "for a new trial, and for the setting aside and reforming the judgment heretofore rendered in this cause," to be made before the Judge presiding at Richmond Superior Court, on October 1, 1891. The record sent up does not show a continuance, but, at February Term, 1892, of Richmond Superior Court, before his Honor Judge

Boykin, this entry was made: "Thomas Flowers against J. E. Alford: Motion to vacate judgment; motion refused; defendant excepts; notice of appeal to Supreme Court; notice waived; bond in the sum of $25 adjudged sufficient." There is no statement of the case on appeal filed.

In this Court the following motion is made: "Black & Patterson, attorneys for the defendant above named, move the Court that an order for a *certiorari* to Judge E. T. Boykin be made in this cause, directing a finding of the facts upon which his judgment was rendered. November 11, 1892." Recurring to the affidavits filed in the Superior Court, the ground of the motion before his Honor below was the newly discovered evidence of an unregistered deed, which was necessary to complete the defendant's chain of title, and which had been lost, but was found after the term at which the trial was had, and which, according to the defendant's affidavits, would have established his title to the land in controversy if the same had been produced as evidence upon the trial. These affidavits set out the efforts of defendant to procure said deed before the trial, or evidence sufficient to establish it, and his failure to do so. The affidavits in reply on the part of the plaintiff are to the effect that defendant relied entirely upon his possession under color of title, and tend to negative diligence on the part of defendant in his efforts to procure the deed, or evidence to establish it as a lost deed, and have it set up and registered before the trial.

While a motion for a new trial for newly discovered evidence may now be made after the trial of the cause in the Superior Court, and in the Supreme Court pending an appeal, the granting of it is addressed to the discretion of the Court. The matter is fully discussed in the case of *Carson* v. *Dellinger*, 90 N. C., 226, in which many authorities are cited, and it is summed up in these words: "In this case a counter-affidavit was offered, and as of course the Judge was required to consider the opposing proofs and determine the facts

established, clearly this was not reviewable on appeal."
*Munden* v. *Casey*, 93 N. C., 97. In the case before us there
were conflicting affidavits; the matter was in the discretion
of the Judge below; if he had denied the motion upon the
ground that he had no power to grant it, a question of law
would have been granted to us, upon appeal, which we might
have reviewed; he gives no reason, however, but simply
exercises his discretion and refuses the motion.

If this was a motion to set aside a judgment, under section
274 of *The Code*, for excusable neglect, it could not have the
desired effect, if granted; for, if the judgment was vacated,
the verdict would stand, and, as is said in *Beck* v. *Bellamy*, 93
N. C., 129, in regard to this section of *The Code*, "the statute,
in conferring the power, confines its exercise to judgments
rendered under the specified conditions, and does not embrace
such as necessarily follow the verdict, and the setting aside
of which, without at the same disturbing the verdict, would
be of no advantage to the party, for it must again be entered
in response to the jury findings. To vacate both, is neces-
sary to afford the desired relief, and this would be to grant
a new trial, which can only be done at the term when it
took place. *Clemmons* v. *Field*, 99 N. C., 400.

So, it appearing from the affidavits that his Honor had
no power to set aside the judgment under section 274 of *The
Code*, because this is not one of the cases embraced in the
provisions of that section, and that he exercised his discre-
tion in refusing to grant a new trial for newly discovered
evidence, the motion is

Denied.