W. S. FORBES v. R. H. McGUIRE.

*Justice of the Peace—Jurisdiction—Appeal—Practice.*

1. After a Justice of the Peace has transmitted an appeal from his judgment and all the papers to the Superior Court, he has no power to grant a motion to set aside his judgment for want of jurisdiction.

2. Leave to plead at the trial term of the Superior Court on an appeal from a Justice of the Peace is discretionary with the trial Judge.

3. Where, in an appeal from a Justice's judgment, the defendant's motion to quash the proceedings was denied and the trial Judge adjudged that "the matter could be better determined upon the trial *de novo* upon the original appeal, when the evidence and facts should be before the Court"; *Held*, that such adjudication was simply a continuance of the whole matter to the next Term of the Superior Court and did not give defendant, who had not before pleaded, the right to plead to the jurisdiction.

4. On the hearing of defendant's appeal from a Justice's judgment, the defendant not having entered any defence or made any plea in the Justice's Court, and no error appearing on the record, it was not error to deny defendant's motion to dismiss or to allow him to plead the want of jurisdiction of the Justice.

CIVIL ACTION, heard before *Shuford, J.*, at January Term, 1894, of GRANVILLE Superior Court, on defendant's appeal

from a judgment of a Justice of the Peace which was affirmed and defendant appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. Fuller, Winston & Fuller*, for plaintiff.

*Messrs. J. W. Graham* and *J. B. Batchelor*, for defendant (appellant).

FAIRCLOTH; C. J.: The plaintiff instituted this action before a Justice of the Peace for $195.33, due by account, and at the trial in December, 1892, the defendant was present and admitted the debt. Judgment was entered and defendant appealed, and on December 10, 1892, the Justice transmitted the appeal and all the papers to the Superior Court. Afterwards, on April 25, 1893, upon notice, defendant moved before the Justice to set aside his judgment on the ground that he had no jurisdiction of the subject matter, which was refused on the ground that he had no power to do so pending the appeal in the Superior Court, and the defendant prayed an appeal. At July Term, 1893, a motion to dismiss and quash the proceedings was denied, and His Honor adjudged that "The matter could be better determined upon the trial *de novo* upon the original appeal when the evidence and facts should be before the Court." At January Term, 1894, the cause came on regularly to be heard upon defendant's appeal, when defendant moved to dismiss for want of jurisdiction in the Justice of the Peace, and for leave to plead defences to the jurisdiction, which motions were refused, and plaintiff's motion for judgment was allowed and the defendant appealed.

Leave to plead at the trial Term was discretionary with His Honor and his decision is not reviewable here. Clark's Code 228. It was conceded here that the defendant had

no defence, unless the order of *Brown, J.*, at July Term, 1893, gave him the right to plead to the jurisdiction. We construe that order to be simply a continuance of the whole matter to the next regular term of the Superior Court. It was no adjudication upon the rights of either party. In April, 1893, it was not in the power of the Justice to make any order in the matter for the reason that the action was then pending in the Superior Court. It is true that his docket contained the record of what he had previously done, but he could do no more, except to further certify at the instance of the appellant or in obedience to an order of the Court in order to perfect or make the record above speak the truth. He could not make a new record.

Then, as no plea was entered anywhere, and as we do not discover in the record any want of jurisdiction, we see no error below.

Judgment Affirmed.