HARRIET CAULEY v. CHARLES F. DUNN.

(Filed 14 October, 1914.)

1. Pleadings—Amendments—Court's Discretion.

The refusal of the trial court to permit a party to amend his pleadings is a matter within its discretion, and not reviewable on appeal.

2. Contracts—Debtor and Creditor—Bankruptcy—Promise—Consideration.

A promise to pay a debt barred by bankruptcy of the debtor is upon a sufficient consideration.

3. Contracts—Bills and Notes—Parol Evidence—Contradiction.

Under the doctrine that the terms of a written contract may not be varied by parol, it is incompetent to show by parol, in the absence of fraud and mutual mistake, that at the time of making a note, payable at a certain time, it was agreed between the parties that the maker should pay it in small amounts or after he should have recovered from bankruptcy.

APPEAL by defendant from *Whedbee, J.,* at January Term, 1914, of LENOIR, on appeal from a justice of the peace.

*No counsel for plaintiff.*
*Defendant in propria persona by brief.*

CLARK, C. J. This action is brought upon the following bond:

$114.60.　　　　　　　　　　　　　　KINSTON, N. C., October, 1904.

Two years after date I promise to pay Harriet Cauley $114.60. Value received. Payable at the Dime Bank, Kinston, N. C.

CHAS. F. DUNN. [SEAL]

No. 43. Due 17 October, 1906.

The defendant's plea before the justice was as follows: "The defendant did not deny the note, but offered evidence to show that the plaintiff had agreed that he might pay in installments until the note was paid. The plaintiff denied any such agreement."

The defendant asked in the Superior Court to be allowed to amend his plea and set up "no consideration." The court stated it would hear the evidence and then pass upon the motion, which was assented to by

both parties, and after hearing the evidence the court declined to allow the defendant to amend his pleadings. The defendant excepted, but the amendment was a matter in the discretion of the judge and not reviewable. Rev., 507; *Forbes v. McGuire,* 116 N. C., 449. Besides, his evidence did not support the amendment, if it had been allowed. A promise to pay a debt barred by bankruptcy is upon a sufficient consideration. *Shaw v. Burney,* 86 N. C., 331; 9 Cyc., 362.

The defendant admitted the execution and delivery of the note and that the entire written portions of the note sued on were in his own handwriting, including the words "Due 17 October, 1906." The plaintiff testified that from the savings of her labor she sent the defendant small sums of money to keep for her, amounting in the aggregate to $114.60, and that when she went to him to get her money he gave her the note sued on; that after she had repeatedly demanded payment he did on one occasion offer to pay her $1 on the note, but she refused to take so small a sum as a payment on the same.

The defendant testified that after he had been discharged in bankruptcy he gave the plaintiff the note sued on with the understanding that he would pay the same "when he got on his feet"; that he received the $114.60 from plaintiff before he was adjudged a bankrupt.

The court charged the jury that if they believed the entire evidence, then they should answer the issue set out in the record, $114.60, with interest from 17 October, 1906." The defendant excepted, but there is no error. The court did not "direct a verdict," though it might have done so. *S. v. Riley,* 113 N. C., 650, citing *U. S. v. Taylor,* 3 McCrary, 500.

Nothing is better settled than that "A written contract cannot be varied, altered, or contradicted by a contemporaneous parol agreement." The plaintiff seems to have been a colored woman, making small savings from her daily labor which she intrusted from time to time to the defendant, who is a bank president. There is no pleading, or evidence, of fraud or imposition by the plaintiff, or that the instrument was drawn erroneously by mutual mistake of fact or omitting an essential part thereof, or any other ground of equitable defense. Indeed, the defendant testified that he made out the note himself.