INTERNATIONAL HARVESTER COMPANY v. ADDIE C. PARHAM,
ADMINISTRATRIX.

(Filed 9 November, 1916.)

**Contracts, Written—Vendor and Purchaser—Parol Evidence—Trials.**

' In an action on notes for $118 for a manure spreader, title reserved
to vendor until payment made, with provision as to sale for nonpay-
ment, and waiver of presentment, protest, etc., parol evidence was com-
petent to show that as a bonus a knife sharpener was verbally agreed
to be sent, but it was incompetent to prove a verbal agreement that if it
was not sent the note was invalid. It was proper for the trial judge to
deduct $3.50, the admitted price of the knife sharpener, from the pur-
chase price of the manure spreader, and render judgment in plaintiff's
favor for the difference.

ALLEN, J. dissenting; WALKER, J., concurring in dissent.

APPEAL by defendant from *Daniels, J.,* at July Term, 1916, of GRAN-
VILLE.

*T. Lanier for plaintiff.*
*Hicks & Stem for defendant.*

CLARK, C. J.    This is an action begun before a justice of the peace
upon two notes, one for $60 and the other for $58, executed by the
defendant under seal to the plaintiff and which recite in their face:
"This note is given for one Low Spread Manure Spreader. I agree
that the title thereto, and to all repairs and extra parts furnished,
shall remain in said company, its successors and assigns, until this
and all other notes given for the purchase price shall have been paid
in money." There are further provisions as to sale for nonpayment,
and waiver of presentment, protest, and so forth. The execution of
the note was admitted. The defense set up is that there was a contem-
poraneous collateral oral agreement that a knife grinder was also to
be delivered without further charge, which has not been done, and
that the defendant refused to take the manure spreader on that account.
The uncontradicted evidence was that the knife grinder was worth
$3.50, and deducting that from the sum of the two notes the court
gave judgment for the difference. In this there was no error.

It was competent for the defendant to show that there was a parol
agreement that the plaintiff was to furnish a knife grinder, and that
this was not done, and the court permitted the value of the knife
grinder ($3.50) to be deducted from the amounts due on the two notes,
but the court properly refused to permit the contemporaneous parol
agreement to vitiate, alter, vary, or add to the terms of the agreement

that unless the knife grinder was furnished the plaintiff could not enforce the written contract of the defendant to pay for the manure spreader. This principle is so well settled that it requires no citation of authorities. *Evans v. Freeman,* 142 N. C., 64; *Cauley v. Dunn,* 167 N. C., 33.

The contract set out in the notes is full and complete and provides for the purchase of the manure spreader and the amount to be paid .therefor, and for a lien by reserving the title until the purchase money is paid. To permit proof of the parol agreement that unless something else was done by the plaintiff the note was defeasible would contradict the written agreement. At this term, in *Copeland v. Howard,* the Court held that parol evidence that the date of the maturity of the note was extended was "properly excluded because in direct contradiction of the terms of the writing," citing authorities.

No error.

ALLEN, J., dissenting: If it was competent for the defendant to show that there was a parol agreement that the plaintiff was to furnish a knife grinder, which is conceded in the opinion of the Court, and if this does not vary the writing, I fail to see why the defendant cannot go further and show that the plaintiff agreed at the same time also to furnish the manure spreader; that one price was agreed on for both, and that the note and the delivery of both articles were to be concurrent acts.

As I see it, the only difference between the two propositions is in degree—the extent of the variance of the writing—and the application of the rule excluding parol evidence when there is a writing does not depend on how much the evidence varies the writing, but does it do so at all.

I think, however, the rule that parol evidence will not be admitted to vary a writing has no application here, for three reasons.

In the first place, the defendant offered evidence that the plaintiff reduced to writing the agreement to deliver the manure spreader and the knife grinder as the consideration for the note, and this appears in the written order.

In the next place, the defendant does not ask to vary or contradict the note, but to show that at the time it was executed there was a contemporaneous agreement to deliver two articles of property as the consideration for it, and that neither was delivered, which is competent under our authorities. *Evans v. Freeman,* 142 N. C., 64.

The note represents one-half of the contract (the obligation of the defendant's intestate), and the defendant ought to be allowed to prove the other half of the contract (the obligation of the plaintiff) by the

written order or by parol evidence; and if an agreement is established that the plaintiff agreed to deliver both articles concurrently, as the consideration for the note, and offered to deliver one and refused to deliver the other, and the defendant refused to receive one article without the other, there is an entire failure of consideration, and the plaintiff cannot recover.

Again, the question of introducing parol evidence is not presented, as there is no exception to the evidence.

What, then, does the evidence of the defendant tend to prove?

This is the question, because the issue was answered against the defendant under a peremptory instruction, and the evidence must therefore be considered in the most favorable light for the defendant.

The agent of the plaintiff delivered the manure spreader to one Critcher on trial, and told him if he bought he would give him the knife grinder, which was also delivered to him.

Critcher refused to buy, and the agent of the plaintiff then undertook to sell to the intestate of the defendant, and the following is all the evidence of this sale to the defendant's intestate:

T. P. Floyd, witness for defendant, testified: "Was a brother-in-law of George Parham; that he was at Parham's house when the notes were made. At the same time the notes were made there was an order written to Mr. Critcher for this manure spreader and knife grinder. Mr. Pearce wrote the note. He sold those to Mr. Parham and gave him an order on Mr. Critcher for them. The delivery to Mr. Parham was to be a manure spreader and knife grinder. Mr. Pearce either wrote the order, or had it written, and gave it to Mr. Parham for these goods. I did not hear any of the conversation between Mr. Parham and Mr. Pearce. I carried the order to Mr. Critcher. Mr. Parham gave the order to me and told me to get what the order called for, or not to bring anything. I left the order with Mr. Critcher. I did not take the manure spreader because he would not deliver the knife grinder."

If this evidence is true, it establishes these facts:

(1) That there was one contract for the purchase of the manure spreader and the knife grinder.

(2) That the delivery to the intestate of the defendant was to be a manure spreader and a knife grinder.

(3) That at the time the note sued on was executed the agent of the plaintiff gave to the intestate of the defendant a written order on Critcher for the manure spreader and the knife grinder.

(4) That the intestate sent Floyd with the order after the manure spreader and the knife grinder, telling him not to bring anything unless he got all.

(5) That Critcher refused to deliver the knife grinder, and the agent did not receive the manure spreader.

It also appears in the record that shortly thereafter the intestate of the defendant wrote the plaintiff demanding the return of his note because Critcher "refused to deliver all to me."

It is also a fair inference from the evidence, I think, that one sum was agreed on as the purchase price of both articles, as the evidence of the defendant shows that both were sold, and the plaintiff makes no claim except to recover the notes.

If these inferences can reasonably be drawn from the evidence, it was error to take the case from the jury.

The case of *Millhiser v. Erdman,* 98 N. C., 292, is, I think, in point. Millhiser offered to sell Erdman tobacco, "Terms: three, four, and five months notes." The offer was accepted and the tobacco shipped, but Erdman failed to send the notes, and it was held that the title to the tobacco did not pass, as the execution of the notes and the delivery of the tobacco were to be concurrent acts. The Court says: "Unquestionably, if the plaintiff had not shipped the tobacco in controversy to the defendant Erdman the latter would have had no title to nor, indeed, any right in respect to it, unless he had first tendered to the plaintiff the promissory notes which he had agreed to give it. This is so because a material and essential part of the contract was that the delivery of the notes on the part of Erdman to the plaintiff was to be done concurrently, simultaneously, with the delivery of the tobacco to him on the part of the plaintiff. The latter proposed to sell the tobacco to Erdman in consideration of his three promissory notes, running respectively to maturity at three, four, and five months, and the latter, by sending his order for it, obviously accepted the terms. The parties agreed to do material concurrent acts necessary to effectuate the sale, each dependent on the other, and neither effectual without the other. . . . No sale of the tobacco was consummated or made effectual under the contract. There was only an agreement to sell, which was not perfected. The plaintiff did not agree or intend to part with the title to his tobacco until he received the notes, and Erdman had no right to expect to get title to it until he sent the notes."

The evidence of the defendant also tends to prove one entire contract, which is not severable, and of such contracts the Court said in *Wooten v. Walters,* 110 N. C., 254: "A contract is entire, and not severable, when by its terms, nature, and purpose it contemplates and intends that each and all of its parts, material provisions, and the consideration are common each to the other and interdependent. Such a contract possesses essential oneness in all material respects. The consideration of it is entire on both sides. Hence, where there is a

---

KNIGHT *v.* BRIDGE CO.

---

contract to pay a gross sum of money for a certain definite considera-
tion, it is entire, and not severable or apportionable in law or equity.
Thus, where a particular thing is sold for a definite price the contract
is an entirety and the purchaser will be liable for the entire sum agreed
to be paid. And so, also, when two or more things are sold together
for a gross sum the contract is not severable. The seller is bound to
deliver the whole of the things sold, and the buyer to pay the whole
price, in the absence of fraud. Hence, it has been held that where a
cow and 400 pounds of hay were sold for $17 the contract was entire."

If the opinion of the Court stands, the plaintiff will recover the
amount of two notes given for two articles sold at the same time under
an agreement to deliver both, when the defendant's intestate has re-
ceived neither article, and when his refusal to receive one was because
of the breach by the plaintiff of its agreement to deliver both.

WALKER, J., concurs in this opinion.