ALLEN, J., dissenting; WALKER, J., concurring in dissent.
This is an action begun before a justice of the peace upon two notes, one for $60 and the other for $58, executed by the defendant under seal to the plaintiff and which recite in their face: "This note is given for one Low Spread Manure Spreader. I agree that the title thereto, and to all repairs and extra parts furnished, shall remain in said company, its successors and assigns, until this and all other notes given for the purchase price shall have been paid in money." There are further provisions as to sale for nonpayment, and waiver of presentment, protest, and so forth. The execution of the note was admitted. The defense set up is that there was a contemporaneous collateral oral agreement that a knife grinder was also to be delivered, without further charge, which has not been done, and that the defendant refused to take the manure spreader on that account. The uncontradicted evidence was that the knife grinder was worth $3.50, and deducting that from the sum of the two notes the court gave judgment for the difference. In this there was no error.
It was competent for the defendant to show that there was a parol agreement that the plaintiff was to furnish a knife grinder, and that this was not done, and the court permitted the value of the knife grinder ($3.50) to be deducted from the amounts due on the two notes, but the court properly refused to permit the contemporaneous parol agreement to vitiate, alter, vary, or add to the terms of the agreement that unless the knife grinder was furnished the plaintiff could not enforce the written contract of the defendant to pay for the manure (390) spreader. This principle is so well settled that it requires no citation of authorities. Evans v. Freeman, 142 N.C. 64; Cauley v. Dunn,167 N.C. 33.
The contract set out in the notes is full and complete and provides for the purchase of the manure spreader and the amount to be paid therefor, and for a lien by reserving the title until the purchase money is paid. To permit proof of the parol agreement that unless something *Page 442 
else was done by the plaintiff the note was defeasible would contradict the written agreement. At this term, in Copeland v. Howard, the Court held that parol evidence that the date of the maturity of the note was extended was "properly excluded because in direct contradiction of the terms of the writing," citing authorities.
No error.