FRANK SANFORD, ADMR. WITH THE WILL ANNEXED OF ANNIE DUNLAP, v. JUNIOR ORDER OF UNITED AMERICAN MECHANICS.

(Filed 20 November, 1918.)

1. **Appeal and Error — Case—Service—Time Extended—Agreement—Statutes.**

   An appeal to the Supreme Court will not be dismissed on the ground that the case was not served by the appellant within the statutory time, when the record shows that an extension thereof had been agreed upon, and service of the case had been accepted by the appellee within the extended period.

2. **New Trials—Court's Discretion—Newly Discovered Evidence—Additional Issues.**

   Where the plaintiff's evidence discloses an additional and complete defense, not embraced by the pleadings or issues, and a verdict has been rendered on issues agreed upon, and it appears that the defendant was not previously aware of the evidence thus revealed, but was taken by surprise when it was disclosed, it is within the sound legal discretion of the trial judge to retain the issues and their answer of one in the plaintiff's behalf, and grant a new trial to the defendant on the issue arising from the evidence thus newly discovered, leaving the question of damages' open.

3. **Appeal and Error — New Trial — Court's Discretion—Newly Discovered Evidence.**

   In the absence of its abuse, the exercise of the discretion of the trial judge in granting a new trial after verdict, for newly discovered evidence, is not reviewable on appeal.

### 4. New Trials—Pleadings—Amendments.

Where the evidence of the plaintiff shows a complete defense not embraced by the pleadings or covered by the issues submitted to the jury, and the trial judge, after verdict, orders another trial and a new issue based upon the additional evidence, it is, in effect, permitting the defendant to amend his answer and present the new question, which should be done before the new trial is entered upon.

### 5. Appeal and Error—New Trials—Findings.

The findings of the trial judge upon which he has ordered a new trial upon an additional issue to those submitted are not reviewable on appeal.

### 6. New Trials—Court's Discretion—Insurance—Evidence.

Where an issue as to whether the death of the insured was caused by the excessive use of intoxicating liquors is a defense to an action on the policy, under its terms, and it appears upon the trial, from the plaintiff's evidence, that his death was caused by valvular disease of the heart, appearing before his acceptance as a risk, which is also a complete defense under the policy contract, and that the defendant was not previously aware thereof, it is within the reasonable discretion of the trial judge, after verdict, to retain the issue answered in the plaintiff's favor, and to submit alone, on the question of the defendant's liability, an issue as to the new or additional defense, reserving the question as to damages.

ACTION, tried before *Harding, J.,* at May Term, 1918, of RICHMOND.

J. W. Dunlap, at the time of his death in March, 1918, was a member of Ellerbee Council, No. 388, of defendant order, and was duly enrolled as a member of Class B, Funeral Benefit Department, of the National Council of said order, and was in good standing in Ellerbee Council, No. 388, when he died, and by virtue of his enrollment in said Funeral Benefit Department of the order his widow, Annie Dunlap, was entitled to the sum of $500 as a funeral benefit from the National Council of the said order as of the time he died. Due proofs of death were filed with the defendant. Annie Dunlap brought this action to recover the amount alleged to be due by defendant to her, and died during its pendency. T. M. Ewing, her executor, was made party plaintiff, and a new action for the same cause brought within twelve months thereafter. T. M. Ewing died, and plaintiff Frank Sanford, as administrator with the will annexed of Annie Dunlap, was substituted in his place as plaintiff.

Defendant answered, denying liability, and especially because, as it alleged in its answer, John W. Dunlap's death was caused by his intemperate habits, and that it is provided by section 15 of the revised laws of the Funeral Benefit Department, which were in full force and effect at the time the application of John W. Dunlap for membership was filed, and at the time of his death, that no claim should be paid when intemperance was the cause of the death.

The case came on for trial, and the defendant, after abandoning all other defenses, if any others existed, relied solely upon the defense that John W. Dunlap's death was caused by the excessive use of intoxicating liquor, and thereupon submitted the following issues, which were accepted by the plaintiff and the court:

"1. Did the deceased, John W. Dunlap, come to his death by reason of the excessive use of intoxicating liquor?

"2. What amount, if any, is plaintiff entitled to recover?"

Before the trial of these issues by the jury was commenced, "it was agreed, upon the suggestion of the defendant and at its request, that if the jury answered the first issue 'No' the second issue should be answered '$500, with interest from 10 March, 1913,' and it was further agreed that if the jury answered the first issue 'Yes' the second issue should be answered 'Nothing.'"

The jury answered the first issue "No" and the second issue was answered "$500, with interest from 10 March, 1913."

After the verdict was returned, and before the judgment was signed, the defendant moved to set aside the verdict and that a new trial be ordered. The court being of the opinion that the defendant was surprised by the evidence tending to show that John W. Dunlap's death was caused by valvular disease of the heart, set aside the verdict, in the exercise of its discretion, as to the second issue only, overruling the motion of the defendant as to the first issue, and ordered a new trial. The court then permitted the defendant to submit the following issues:

"1. (Retained, with answer thereto, as above.)

"2. Did the deceased die as a result of the disease which demonstrated itself prior to the deceased's admission to the order or of the Funeral Benefit Department?

"3. What amount, if any, is plaintiff entitled to recover?"

The plaintiff excepted to the order for another trial and to the new issue submitted. He also excepted to the refusal of his motion for judgment upon the issues answered by the jury and the agreement of the parties. Plaintiff appealed.

*W. R. Jones for plaintiff.*
*Douglass & Douglass for defendant.*

WALKER, J., after stating the case: The defendant's motion to dismiss the appeal because the case was not served within the time fixed by law, or within fifteen days after the court adjourned, is fully met by the statements in the supplemental transcript sent to this Court, which shows that an appeal was taken from the judge's order and refusal to give judgment, and that defendant's counsel were duly noti-

fied thereof and actually accepted service of the notice of appeal and agreed to extend the time for serving the case on appeal to 1 August, 1918, and, besides, accepted service of the case on appeal within the extended time, or on 20 July, 1918.

Defendant's other objections, not appearing in this (plaintiff's) appeal, are not before us (as defendant did not appeal), nor do they appear in the record. Even if they have any merit, we cannot consider them.

But we are of the opinion that the ruling of the judge as to the new issue must be sustained. The contract of insurance contained a provision that no claim should be made "for benefits upon the death of any member from a disease which may have demonstrated itself prior to the member's admission to the order or his enrollment in the Funeral Benefit Department." The case had been tried upon the issue, whether the death was caused by the excessive use of intoxicating liquors, which was answered "No," or in favor of the plaintiff, but during the trial it appeared that the intestate had valvular disease of the heart which was "demonstrated" before he became a member, but this was not known to the order, and it thereupon moved for the submission of an additional issue as to this malady. This the judge allowed, and his power to do so is challenged by the plaintiff. We do not see why, in the exercise of his discretion, he could not submit such an issue. It will not be disputed, and cannot be, that he could have set aside the issue already answered, but this he did not do. What he did was more favorable to the plaintiff, as by retaining that issue intact he preserved to plaintiff the benefit of the jury's answer to it. He found as a fact that defendant had been misled and surprised by plaintiff's testimony at the trial, and was not in fault in asking for only one issue. If this be so, and we cannot review his finding of fact in respect to it, he clearly had the right to grant relief to the defendant.

In *Pharr v. R. R. Co.,* 132 N. C., 418, we held that when there is ground for setting aside a verdict appearing during the trial, and of which defendant had notice, the court could set the verdict aside or not, at its discretion; and in *Fleming v. R. R. Co.,* 168 N. C., 248, that a ruling upon a motion for a new trial because of newly discovered evidence will not be reviewed as it involved the exercise of discretion, citing *Munden v. Casey,* 93 N. C., 97; *Flowers v. Alford,* 111 N. C., 248; and in *Horton v. Railway,* 169 N. C., 108, that such a ruling was still discretionary and not reviewable, though the judge found, and stated, that the evidence was cumulative.

The motion here was substantially to grant an additional issue because of newly discovered evidence, and we can perceive no difference in principle between the ruling here and the one in the second case

cited. It was within the sound discretion of the court to grant the motion in the furtherance of justice and a trial of the case upon its real merits. The plaintiff, in order to overthrow the defendant upon the issue submitted, offered testimony that the intestate had a fatal disease, which produced his death, viz., "valvular disease of the heart," and, therefore, that he did not die from the effects of intemperance. It would not be fair that he should be allowed to avail himself of such proof, which showed a direct violation of the contract, if the disease was properly demonstrated, and then to hold that the court could not, in the exercise of its discretion, allow an additional issue to meet that phase of the case. The matter was still *in fieri,* for there had been no judgment, and the court could have set aside the verdict, ordered a new trial and granted the issue. How can the plaintiff be heard to say that this was not done, but that the court retained the first issue, when this was so manifestly in his favor? If it could set aside the issue and then allow the new issue and a corresponding amendment of the answer, why could it not add an issue without disturbing the first issue as it then stood? It was better for the plaintiff that the court merely added the issue, for he will merely have to succeed on one issue—that is, as to the valvular disease of the heart—while if the verdict had been set aside and the two issues were submitted, he would have to succeed as to both of them.

We attach no importance to the agreement as to the original second issue, which is not unusual where there is no dispute as to the amount of the recovery. It only meant that if the two issues remained as they then were, and the first was answered "No," the amount of recovery should be five hundred dollars. And it will be so again, for if plaintiff gets a favorable answer to the first two issues he will recover the same amount. It was not agreed that he should be entitled to judgment upon such a verdict upon the two issues, but it was intended merely for the guidance of the jury as to the amount.

The order of the judge submitting the new issue was impliedly equivalent to allowing an amendment of the answer to correspond with it, and this amendment should be formally inserted in the pleading. This can be done before the next trial. As we have said, the whole matter is still in the breast of the court, and we would be shortening its arm and lessening its power of control and supervision of the proceedings in court, thereby disabling it to perform its proper functions, should we unduly restrict its discretion in such a matter as the one in question and in like cases. This discretion is judicial, and not merely personal, and certainly not an arbitrary one. It may be called the will of the judge, but it is to be exercised under the guidance of his sound judgment, and not hastily or capriciously. The rights of all the parties

should be considered and respected and due regard given to them. We do not review the decision unless the exercise of this power is plainly abused. *Lancaster v. Bland,* 168 N. C., 377; *Adickes v. Chatham,* 167 N. C., 681; *King v. McRacken,* 168 N. C., 621.

We held in *Cauley v. Dunn,* 167 N. C., 32, that a motion for an amendment, after hearing the evidence, was addressed to the discretion of the court, and is not reviewable. In *Blackwell v. R. R. Co.,* 111 N. C., at p. 151 (first headnote), it is said: "The trial court may exercise a discretion in altering or substituting issues when those so altered or substituted will permit any specific view of the law arising out of the testimony to be presented."

It may be that the new issue as allowed should be somewhat changed in form, so as to present more definitely and plainly the question to be tried, or, in other words, the particular disability, with its name, which is alleged to avoid the policy, so that the jury may not be misled.

There was no error in the ruling of the court.

No error.