CHARLES A. MOORE v. THOMAS J. HARKINS, ADMINISTRATOR OF
H. S. HARKINS, DECEASED.

(Filed 31 May, 1916.)

**Negotiable Instruments—Drafts—Designated Unpaid Funds—Right of Action —Limitation of Actions.**

The assignee of certain drafts given to a deputy United States marshal by the United States marshal, upon condition that they were to be paid out of moneys owed the deputy for his fees and expenses as such officer, which were then due but continued to be unpaid, may not maintain his action against the administrator of the deceased drawee until such fees and expenses have been paid to the marshal by the Government, for until then the cause of action does not accrue.

CIVIL ACTION tried before *Harding, J.,* and a jury, at February Term, 1916, of BUNCOMBE.

This is an action brought upon the drafts described in the complaint, five for $200 each, dated 18 February, 1880, and one for $400, dated 19 February, 1880.

The drafts were drawn in favor of the plaintiff by H. S. Harkins, intestate of the defendant, then a deputy United States marshal, on R. M. Douglas, United States marshal, and were never accepted by the drawee.

At the time the drafts were executed the said Douglas was not indebted to the said Harkins except that certain items for expenses and services rendered as deputy marshal were included in the account of said Douglas as marshal against the Government, which were to be turned over to the said Harkins upon payment by the Government, and assignments of said items were executed to the plaintiff in the following form:

For value received I hereby assign, transfer, and set over to Charles A. Moore all dues to me as deputy United States marshal from the Government and Robert M. Douglas, United States marshal for the Western District of North Carolina, on account of actual expenses, fees, and allowances as deputy United States marshal; and I direct the same to be paid to the order of said Charles A. Moore, all that is due me from 1 January, 1880, up to 18 February, A. D. 1880.

H. S. HARKINS.   [SEAL]

The defendant admitted the execution of the drafts and assignments and pleaded the statute of limitations.

At the conclusion of the evidence his Honor entered judgment of nonsuit, and the plaintiff excepted and appealed.

*Martin, Rollins & Wright and Marcus Erwin for plaintiff.*
*J. E. Swain and Kingsland Van Winkle for defendant.*

ALLEN, J.   The plaintiff testified: "The six drafts belong to me. I have had possession of them all the time since they were given, and I promptly told Douglas about them or I wrote him about them at once. I know they were not to be paid until Douglas got the money from the Government to pay them, and so did Harkins."

This evidence was admitted without objection, and, if true, the right of action has not accrued to the plaintiff, as the Government has not paid any part of the money claimed to be due on the account of R. M. Douglas, and the plaintiff says the drafts "were not to be paid until Douglas got the money from the Government." *Sykes v. Everett,* 167 N. C., 606; *Buskirk v. Kuhns,* 32 A. and E. Anno. Cases, 932.

There was, therefore, no error in entering judgment of nonsuit.
Affirmed.